**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Ronald Fries, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-7 |
| | ) | |
| Transfinancial Companies, Inc., a Louisiana corporation, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Ronald Fries, Sr., brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Ronald Fries, Sr. ("Fries"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed to Indiana University Health Urgent Care.

4. Defendant, Transfinancial Companies, Inc. ("Transfinancial"), is a

Louisiana corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the Southern District of Indiana. In fact, Transfinancial was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Transfinancial is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant Transfinancial conducts business in Indiana.

6. Defendant Transfinancial is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

**FACTUAL ALLEGATIONS**

7. On February 18, 2020, Mr. Fries and his wife filed a Chapter 13 bankruptcy petition in a matter styled In re: Fries, S.D.Ind.Bankr. No. 20-00874-JMC-13. On March 18, 2020, creditors were added to Mr. Fries' Chapter 13 bankruptcy petition. Among the debts added to the bankruptcy was a debt he allegedly owed to Indiana University Health Urgent Care, see, Notice to Added Creditors, attached as Exhibit C.

8. Accordingly, on April 15, 2020, Indiana University Health Urgent Care was sent notice of the bankruptcy by the court, via U.S. Mail, see, the Certificate of Service to the Notice of Rescheduled Meeting of Creditors and Last Day to Object to Dischargeability, which is attached as Exhibit D.

9. Plaintiff's bankruptcy is a matter of public record, is in the files of the Defendant and the creditor, and is readily discoverable by any competent debt collector

via one of the bankruptcy "scrub" services.

10. Nonetheless, Defendant Transfinancial sent Mr. Fries a collection letter, dated November 6, 2020, demanding payment of the Indiana University Health Urgent Care debt that is subject to his bankruptcy. A copy of this collection letter is attached as Exhibit E.

11. Defendant's violation of the FDCPA was material because Defendant's continued collection communications, after Mr. Fries had filed for bankruptcy, made him believe that his exercise of his rights, through filing bankruptcy, may have been futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code, as well as his rights under the FDCPA. Defendant's collection actions alarmed, confused, and distressed Mr. Fries.

12. All of Defendant Transfinancial's collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Included In A Bankruptcy**

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

16. Demanding payment of a debt that is subject to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004). By demanding payment of the Indiana University Health Urgent Care debt that was subject to Mr. Fries' bankruptcy, Defendant Transfinancial violated § 1692e of the FDCPA.

17. Defendant Transfinancial's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

20. Here, the bankruptcy and the notice issued by that court (Exhibit D), provided notice to cease communications and cease collections. By communicating regarding this debt and demanding payment (Exhibit E), Defendant violated § 1692c(c) of the FDCPA.

21. Defendant Transfinancial's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Ronald Fries, Sr., prays that this Court:

1. Find that Defendant Transfinancial's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Fries, and against Defendant, for actual and statutory damages;

3. Award Plaintiff his costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Ronald Fries, Sr., demands trial by jury.

Ronald Fries, Sr.,

By:/s/ David J. Philipps___
One of Plaintiff's Attorneys

Dated: January 4, 2021

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com